Roland Tellis (*pro hac vice* to be filed)
rtellis@baronbudd.com
Jonas P. Mann (NJ Bar No. 020372007)
jmann@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698

Raymond P. Boucher (*pro hac vice* to be filed)
ray@boucher.la
Brian Bush (*pro hac vice* to be filed)
bush@boucher.la
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Telephone: (818) 340-5400
Facsimile: (818) 340-5401

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAIME EDMONDSON LONGORIA and TARA LEIGH PATRICK,<br><br>  Plaintiffs,<br>v.<br><br>C.M.G. FOOD SERVICES, INC., d/b/a LOOKER'S GENTLEMEN'S CLUB,<br><br>  Defendant. | Docket No.<br><br>**COMPLAINT FOR:**<br><br>(1) Misappropriation of Likeness;<br>(2) False Endorsement, 15 U.S.C. § 1125(a);<br>(3) False Endorsement, N.J.S.A. 56:4-1; and<br>(4) Unfair Competition.<br><br>**Jury Trial Demanded** |

1

Plaintiffs Jaime Edmondson Longoria and Tara Leigh Patrick ("Plaintiffs") set forth and allege as follows:

## INTRODUCTION AND PARTIES

### A. Plaintiffs

1. Plaintiff Jaime Edmondson Longoria ("Edmondson") is, and at all times relevant to this action was, a professional model and actress, and a resident of Florida.

2. Plaintiff Tara Leigh Patrick is known professionally as Carmen Electra ("Electra"). Plaintiff Electra is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

### B. Defendant

3. Upon information and belief, C.M.G. Food Services, Inc., ("Defendant") is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 789 Dowd Ave., Elizabeth, Union County, New Jersey.

4. Upon information and belief, Defendant is now, and at all times mentioned herein was, the operator of the Looker's Gentlemen's Club ("Lookers"), which is a strip club, located at 789 Dowd Ave., Elizabeth, Union County, New Jersey.

5. Upon information and belief, Defendant owns and/or operates various social media accounts, including Facebook

(https://www.facebook.com/LOOKERS-MENS-CLUB-102393850024/?rf=264871076889227), and Instagram (https://www.instagram.com/lookersnj/?hl=en), through which it promotes, endorses, and markets its business, solicits customers, and advertises events for Lookers.

6. Upon information and belief, Defendant has, and at all times mentioned herein had, control over the contents of its website and social media accounts.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of 15 U.S.C. §1125, *et seq.* (the Lanham Act).

8. Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendant is located in this judicial district.

## FACTUAL BACKGROUND

9. Each Plaintiff is, and at all times mentioned herein was, a professional model and actress who earns a living by commercializing her identity, image, and likeness for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

10. A model's reputation directly impacts the commercial value associated with the use of image, likeness, or identity to promote a product or service. As such, she has the right to control the commercial exploitation of her name, photograph, and likeness.

11. Each Plaintiff expended and continues to expend substantial effort, resources, and time in building her reputation in the modeling industry.

12. Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of her image or likeness.

13. Each Plaintiff's career in modeling, acting, and/or private enterprise has substantial value derived from the goodwill and reputation each has built. Each Plaintiff commands substantial sums of money for the licensed commercial use of her image.

14. Defendant has brazenly and repeatedly, without consent, misappropriated Plaintiffs' images and likenesses for use in its advertising materials produced to market and promote its strip club.

15. Defendant's use of Plaintiffs' images and likenesses was for Defendant's commercial benefit; as the images were used to drive traffic to Defendant's strip club and increase revenue.

16. Defendant's use of the Plaintiffs' images on Defendant's social media accounts falsely suggests Plaintiffs' sponsorship of, affiliation with, and participation in Defendant's business.

17. Defendant never sought or obtained permission to use either of the Plaintiffs' images and likenesses.

18. Plaintiffs at no time gave Defendant permission to use their images to promote Lookers' business, services, and/or company, or for any other purpose.

19. Defendant has never paid any of the Plaintiffs for its unauthorized use of their images or likenesses.

20. Plaintiffs, by FedEx on August 10, 2017, demanded that Defendant cease and desist use of their images and likenesses.

21. Defendant's unauthorized use of Plaintiffs' images and likenesses is knowing, willful, and intentional.

## PLAINTIFFS' ALLEGATIONS

22. Plaintiffs re-state and re-allege paragraphs 1-21 above and incorporate the same by reference as though fully set forth herein.

### *Plaintiff Jaime Edmondson Longoria*

23. Plaintiff Edmondson is a professional model.

24. In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Edmondson

negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

25. Defendant's first use of Plaintiff Edmondson's images on its Instagram account (accessible via the URL: https://www.instagram.com/p/7lsi3dJWi1/?taken-by=lookersnj), began on or around July 5, 2015, is unauthorized, and for a commercial purpose.

26. Defendant's second use of Plaintiff Edmondson's images on its Instagram account (accessible via the URL: https://www.instagram.com/p/73uPSfpWmY/?taken-by=lookersnj), began on or around July 12, 2015, is unauthorized, and for a commercial purpose.

27. Defendant's third use of Plaintiff Edmondson's images on its Instagram account (accessible via the URL: https://www.instagram.com/p/-859a2pWgR/?taken-by=lookersnj), began on or around September 13, 2015, is unauthorized, and for a commercial purpose.

28. Defendant's fourth use of Plaintiff Edmondson's images on its Instagram account (accessible via the URL: https://www.instagram.com/p/-rvElhJWkp/?taken-by=lookersnj), began on or around September 13, 2015, is unauthorized, and for a commercial purpose.

29. Defendant has never hired or contracted with Plaintiff Edmondson to advertise, promote, market, or endorse Defendant's business.

30. In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Edmondson.

31. Defendant's appropriation of the images of Plaintiff Edmondson was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

32. Defendant has never sought Plaintiff Edmondson's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

33. Defendant has never compensated Plaintiff Edmondson for any use of her image and likeness.

34. Defendant had actual knowledge that it was using Plaintiff Edmondson's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Edmondson's images and identity in total disregard of Plaintiff's rights.

35. Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Edmondson's images and likeness.

36. As a direct and proximate result of Defendant's unauthorized use of Plaintiff Edmondson's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

37. Plaintiff Edmondson has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Carmen Electra*

38. Plaintiff Electra is a professional model.

39. In all prior instances of authorized commercial marketing and promotion of her image, likeness, or identity by third parties, Plaintiff Electra negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

40. Defendant's first use of Plaintiff Electra's images on its Instagram account (accessible via the URL: https://www.instagram.com/p/6JQUa0pWqB/?taken-by=lookersnj), began on or around July 8, 2015, is unauthorized, and for a commercial purpose.

41. Defendant's second use of Plaintiff Electra's images on its Instagram account (accessible via the URL: https://www.instagram.com/p/5GU1KzJWpM/?taken-by=lookersnj), began on or around August 8, 2015, is unauthorized, and for a commercial purpose.

42. Defendant has never hired or contracted with Plaintiff Electra to advertise, promote, market, or endorse Defendant's business.

43. In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Electra.

44. Defendant's misappropriation of Plaintiff Electra's images and likeness was for the purpose of advertising and soliciting patronage of the Defendant's establishment.

45. Defendant has never sought Plaintiff Electra's permission, nor did Plaintiff give Defendant permission to use the images to advertise and promote its club.

46. Defendant has never compensated Plaintiff for any use of her likeness or images.

47. Defendant had actual knowledge that it was using Plaintiff Electra's images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Electra's images and identity, in total disregard of Plaintiff's rights.

48. Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Electra's images and likeness.

49. As a direct and proximate result of Defendant's unauthorized use of Plaintiff Electra's images and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

50. Plaintiff Electra has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which to be established by proof at trial.

## COUNT I

### Misappropriation of Likeness

51. Plaintiffs re-state and re-allege paragraphs 1 through 50 above and incorporate the same by reference as though fully set forth herein.

52. Plaintiffs have a right to control the commercial use of their names, images, and likenesses. Under New Jersey law, the unauthorized use of a person's image or likeness for a predominately commercial purpose is unlawful.

53. Defendant's use of Plaintiffs' images and likenesses to advertise its strip club business constitutes a use for commercial purposes.

54. Defendant's use of Plaintiffs' photographs and likenesses did not occur in connection with the dissemination of news or information and was without a redeeming public interest or historical value.

55. Defendant never obtained Plaintiffs' consent for the use of their images and likenesses.

56. Defendant's use of each Plaintiff's photographs and likenesses was willful and deliberate.

57. As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

58. As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

## COUNT II

### Unfair Competition / False Endorsement

### Lanham Act, 15 U.S.C. §1125(a)

59. Plaintiffs re-state and re-allege paragraphs 1 through 58 above and incorporate the same by reference as though fully set forth herein.

60. Plaintiffs, through their careers in modeling, advertising, and acting, have all attained fame and celebrity.

61. Each Plaintiff enjoys a substantial social media following and has appeared in numerous publications, television, and/or films movies.

62. Each Plaintiff earns her living by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

63. Each Plaintiff possesses a valid and protectable mark in the form of her persona, image, likeness, and identity.

64. Each Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded her exclusive right to control the use of her persona, image, likeness, and identity.

65. Prior to authorizing the use of her image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

66. Without consent, Defendant placed Plaintiffs' images and likenesses on advertisements promoting its strip club business.

67. In Defendant's advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are clearly depicted and readily identifiable.

68. Defendant misappropriated Plaintiffs' images and likenesses in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, or otherwise participate in Defendant's strip club business.

69. Defendant never sought Plaintiffs' consent to use her their images or likeness.

70. Plaintiffs have never been employed by, danced at, or affiliated themselves in any way with Defendant's strip club.

71. Plaintiffs would not agree to allow their image or likeness to be used to promote Defendant's strip club business.

72. Defendant, at all times mentioned herein, knew or should have known that it had no right to use Plaintiffs' images or likenesses to promote its strip club business.

73. Defendant placed the misappropriated images on the very same marketing channels (i.e. Facebook and Instagram) used by Plaintiffs to promote themselves.

74. Defendant's misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, and/or participation in Defendant's strip club business.

75. Upon information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, and participation in Defendant's strip club business.

76. Defendant knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

77. Defendant's repeated and brazen unauthorized use of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

78. As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

79. As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

## COUNT III

### Unfair Competition / False Endorsement

### N.J.S.A. 56:4-1, *et seq.*

80. Plaintiffs re-state and re-allege paragraphs 1 through 79 above and incorporate the same by reference as though fully set forth herein.

81. Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under N.J.S.A. 56:4-1.

82. As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

83. As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

84. Defendant's wrongful and deliberate conduct has caused significant damage to Plaintiffs, both directly and indirectly, and Plaintiffs request treble damages as authorized by N.J.S.A. 56:4-2.

## COUNT IV

### Common Law Unfair Competition

85. Plaintiffs re-state and re-allege paragraphs 1 through 84 above and incorporate the same by reference as though fully set forth herein.

86. Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under the common law of New Jersey.

87. As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

88. As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;

2. For the amount due, owing and unpaid to Plaintiffs representing the fair market value of their services;

3. For trebling of damages;

4. For punitive damages in an amount to be proven at trial;

5. For prejudgment interest in an amount proscribed by law;

6. For disgorgement of Defendant's profits;

7. For costs of this lawsuit including reasonable attorney's fees; and

8. For such other and further relief as to this court seem just, proper and equitable.

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues in the above matter.

                                      Respectfully submitted,

Date: August 31, 2017        BARON & BUDD, P.C.

                                      s/ Jonas P. Mann
                                      Jonas P. Mann
                                      jmann@baronbudd.com

                                      Roland Tellis
                                      rtellis@baronbudd.com
                                      **BARON & BUDD, P.C.**
                                      15910 Ventura Boulevard, Suite 1600
                                      Encino, California  91436
                                      Telephone:   (818) 839-2333
                                      Facsimile:    (818) 986-9698

                                      Raymond P. Boucher
                                      ray@boucher.la
                                      **BOUCHER LLP**
                                      21600 Oxnard Street, Suite 600
                                      Woodland Hills, California 91367
                                      Telephone:   (818) 340-5400
                                      Facsimile:    (818) 340-5401